# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 Proceeding |
| NINA M. HARPER<br>                Debtor. | Case No. 4:12-bk-25915-SHG |
| STANLEY J. KARTCHNER<br>                Movant,<br>v.<br>NINA M. HARPER, Debtor; CARL C. HARPER, JR., as both individual and as a Trustee of the Nina M. Harper Trust; EARL E. HARPER, as both individual and as a Trustee of the Nina M. Harper,<br>                Respondents. | **RULING ON TRUSTEE'S MOTION FOR ORDER MODIFYING THE AUTOMATIC STAY** |

## FACTS AND PROCEDURAL HISTORY[1]

Nina M. Harper ("Debtor") filed for chapter 7 bankruptcy protection on December 4, 2014. Approximately nine months earlier, on February 24, 2014, Debtor's mother,

---

[1] The facts and are taken from the Chapter 7 Trustee's *Motion for order Modifying the Automatic Stay* (DE 43) and the procedural history is taken from the Court's administrative docket.

also known and Nina M. Harper, died with a valid will (the "Will") allegedly assigning to the Debtor an interest in the Nina M. Harper Trust (the "Trust"). The Debtor did not disclose her Trust interest on the initial bankruptcy petition or in any subsequent amendments. The Debtor received a discharge on March 26, 2013.

After entry of her discharge, the Debtor filed a lawsuit (the "Oregon Case") in Deschutes County, Oregon, asserting claims against her brothers, Carl C. Harper Jr. and Earl E. Harper (the "Defendants"), individually and as trustees of the Trust, for: (1) Breach of Fiduciary Duty; (2) Unjust Enrichment; and (3) Conversion (collectively the "Claims").

Stanley J. Kartchner, the presiding chapter 7 trustee in Debtor's bankruptcy ("Trustee"), learned of the Debtor's prosecution of the Claims in Oregon and secured an order from this Court to employ counsel to litigate the Claims for the benefit of the bankruptcy estate on May 17, 2015. The Trustee secured his second order to employ counsel, for the same purpose, on November 23, 2015. The probate court in the Deschutes County, Oregon (the "Oregon Court") is currently presiding over the Oregon Case. The Oregon Court stayed its proceeding, on its own motion, pending an order from this Court.

The Trustee has filed a motion in this Court for a determination that: (1) the Claims are property of the Debtor's bankruptcy estate; (2) the Trustee, as administrator of the estate, has sole right to pursue the Claims subject to this Court's approval of any settlement; (3) the Trustee has the right to continue to litigate the Oregon Case as the Claims and is not judicially estopped by the Debtor's failure to list the Claims in her schedules or resulting from the entry of her discharge; and (4) the automatic stay of 11 U.S.C. § 362(a)(3) (the "Stay") should be terminated and annulled to permit resolution of the Oregon Case.

Defendants filed a limited objection to the Trustee's motion. Defendants do not object to termination of the Stay so that the merits of Oregon Case may be decided by the Oregon Court (DE 46). Defendants claim, however, that this Court does not have

jurisdiction and constitutional authority to opine and enter a final judgment concerning the chapter 7 estate's interest in the decedent Nina M. Harper's estate; whether the chapter 7 trustee is the real party in interest; or the applicability of the doctrine of judicial estoppel (Id.) After a preliminary hearing on May 26, 2016, this Court entered an order staying further proceedings in the Oregon Case on May 27, 2016 (DE 52). The Court asked the parties to file further briefs regarding the Court's jurisdiction and constitutional authority (DE 57). On July 7, 2016, the parties filed simultaneous briefs as requested by the Court (DE 61-62). Having reviewed the briefing and considered the arguments of counsel, the Court grants the Trustee's Motion for Relief from the Automatic Stay and overrules the Defendants' objections.

## **DISCUSSION**

It is undisputed that Debtor had a duty to disclose her interest in the Trust upon filing of her bankruptcy case. 11 U.S.C. §521(a)(1)(B)(i) requires the debtor to file a schedule of assets. "Debtors must provide extensive information when they file bankruptcy cases, including data required by an official form . . . [which] . . . require debtors to list all claims that they may have against other entities." *In re Miller*, 347 B.R. 48, 50 (Bankr. S.D. Tex. 2006). The Debtor did not schedule any interest in the Will or the Trust. [DE 1]. Under § 541(a) both Debtor's rights in the Trust and her causes of action are property of the estate. 11 U.S.C. § 541; *See In re Goldstein*, 526 B.R. 13, 21 (B.A.P. 9th Cir. 2015) (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986)) ("Legal causes of action are included within the broad scope of § 541.").

On November 19, 2013, when Defendants allegedly conveyed property from the Trust to themselves as individuals, giving rise to the Claims, the Debtor's rights to seek relief arising from her interest in the Trust had already vested in the Trustee (DE 43, at 12). The Trustee, and not Debtor, represents the bankruptcy estate. 11 U.S.C. § 323(a). In this capacity he may sue and be sued. 11 U.S.C. § 323(b). As a result, the Trustee "[a]s prescribed in 11 U.S.C. § 323 . . . is the . . . only person authorized to make any

decision about" litigating the Claims against the Defendants. *In re DeGroot*, 460 B.R. 159, 166 (Bankr. W.D. Mich. 2011), aff'd, 484 B.R. 311 (B.A.P. 6th Cir. 2012).

Under 11 U.S.C. §554(c) any property scheduled under §521(a)(1) not otherwise administered at the time of the closing of the case is abandoned to the debtor. Here, the Claims and the Debtor's interest in the Trust were never scheduled under §521(a)(1) and the estate was never closed. As a result, the Claims remain property of the estate. 11 U.S.C. § 554(d). Further, where the events giving rise to a claim occur before the debtor files for bankruptcy, the claim is part of the bankruptcy estate, whether or not the claim is properly disclosed to the Bankruptcy Court. *Wieburg v. GTE Sw. Inc.,* 272 F.3d 302, 306 (5th Cir.2001) (citations omitted) ("Wieburg filed for bankruptcy after the events giving rise to her discrimination claims had occurred. Therefore, ... those claims are property of the bankruptcy estate and should have been disclosed in Wieburg's bankruptcy schedules."). *Croomes v. Stream Glob. Services--AZ, Inc.,* 2012 WL 1067915, at *2 (D. Ariz. Mar. 29, 2012).

Because the Debtor's interest in the Trust was never abandoned – its fruit – the Claims were likewise never abandoned. Upon the Trustee's discovery of estate assets, which were never administered, the Trustee is empowered to administer the assets which in this case are comprised of the undisclosed Claims. 11 U.S.C. § 350(b); *In re Lopez*, 283 B.R. 22, 28 (B.A.P. 9th Cir. 2002)(Even though the property was not listed in the schedules, it was neither abandoned nor administered and remained property of the estate even after the case was closed. *See* 11 U.S.C. § 541 (property of estate) and § 554(d) (property not abandoned or administered remains property of estate)); *Pace v. Battley (In re Pace),* 146 B.R. 562, 564–66 (9th Cir. BAP 1992), *aff'd,* 17 F.3d 395, 1994 WL 55523 (9th Cir.1994) (table) (unscheduled property remains in estate after case is closed). Thus, the Claims and the Debtor's interest in the Trust remain assets of her bankruptcy estate and only the Trustee has the right to liquidate them.

Nevertheless, the Defendants contend this Court is without jurisdiction and constitutional authority: (1) to determine that the Trustee is legally empowered by the

Bankruptcy Code to pursue Debtor's claims against them; and (2) must abstain so that only the Oregon Court can determine whether the doctrine of judicial estoppel precludes the estate from pursuing the Claims. The Court disagrees.

Several district courts as well as circuits courts have held that "[j]udicial estoppel does not apply to a bankruptcy trustee when the debtor's conduct occurred after the bankruptcy petition was filed." *Coble v. DeRosia,* 823 F.Supp.2d 1048, 1052 (E.D.Cal.2011); *see also Lupian v. Cent. Valley Residential Builders, L.P.,* No. 10cv2270, 2014 WL 465445, at *5–8 (S.D.Cal. Feb. 5, 2014); The district courts in *Coble* and *Lupian* rely on several circuit court decisions including *Parker v. Wendy's Int'l Inc.,* 365 F.3d 1268 (11th Cir.2004) and *Biesek v. Soo Line R.R. Co.,* 440 F.3d 410, 413 (7th Cir.2006) (stating that "the threshold issue is not whether to apply [judicial] estoppel but whether [the plaintiff] is the real party in interest."). *See also In re Riazuddin,* 363 B.R. 177, 187–88 (10th Cir. BAP 2007) ("Even if the bankruptcy court had been correct in finding that the elements of judicial estoppel were met with respect to the Debtors, there was no basis to apply the doctrine to the Trustee."); *Reed v. City of Arlington,* 650 F.3d 571, 579 (5th Cir.2011); *Copelan v. Techtronics Indus. Co., Ltd.,* 95 F. Supp. 3d 1230, 1238 (S.D. Cal. 2015)

In *Reed,* The Fifth Circuit held that, as a general rule, "an innocent bankruptcy trustee may pursue for the benefit of creditors a judgment or cause of action that the debtor—having concealed that asset during bankruptcy—is himself estopped from pursuing," and refused to apply judicial estoppel against the substituted trustee. *Id.* at 579. The court relied on the general principles that "[t]he Trustee became the real party in interest upon filing [of the petition], vested with the authority and duty to pursue the judgment against the City as an asset of the bankruptcy estate.... [and] [t]his duty was not affected by [the plaintiff's] failure to disclose the asset, and it was not extinguished by the conclusion of the bankruptcy case." *Id.* at 575. The court also considered that "the general principle that a trustee receives causes of action subject to defenses that could have been raised against the debtor 'has been properly limited to pre-petition defenses

to a cause of action that would have been applicable to a debtor if no bankruptcy case had been filed.'" *Id.*

In *Croomes,* the Arizona district court ruled that even though the debtor did not have standing to pursue the claims it would not dismiss the action, rather it must allow the bankruptcy trustee a chance to intervene if so inclined, citing *Marshall v. Honeywell Technology Solutions, Inc.,* 675 F.Supp.2d 22, 26 (D.D.C.2009) (where Trustee was real party in interest because the debtor failed to disclose the case as bankruptcy asset and, thus, lacked standing, the court found that Federal Rule of Civil Procedure 17(a)(3) required it to give the trustee an opportunity to revive the case as the real party in interest); Fed.R.Civ.P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."); *Wieburg,* 272 F.3d at 309 (holding "[u]nder these circumstances, and in the light of Rule 17(a)'s purpose of preventing forfeitures, we believe that it was an abuse of discretion for the district court to dismiss the action without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the trustee, or joinder of the trustee, were inappropriate.")

Finally, in a footnote, the *Croomes* court noted the reasons why application of the doctrine of judicial estoppel against a chapter 7 trustee was usually inappropriate stating that in *Biesek,* the Seventh Circuit Court of Appeals explained why courts should avoid applying judicial estoppel in cases where a bankruptcy trustee is the real party in interest: "Judges understandably favor rules that encourage full disclosure in bankruptcy. Yet pursuing that end by applying judicial estoppel to debtors' self-contradiction would have adverse effects on third parties: the creditors. [The plaintiff's] nondisclosure in bankruptcy harmed his creditors by hiding assets from them. Using this same nondisclosure to wipe out his FELA claim would complete the job by denying creditors even the right to seek some share of the recovery. Yet the creditors have not contradicted themselves in court. They were not aware of what [the plaintiff] has been doing behind

their backs.... Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application." *Biesek,* 440 F.3d at 413. *Id.*, 2012 WL 1067915, at n.2

This Court has jurisdiction over a question of, what is property of the bankruptcy estate, and who administers property of the estate, pursuant to 28 U.S.C. § 157(b)(2)(A). Contrary to the Defendants' assertion that the Trustee is not judicially estopped from litigating the estates' rights over assets, which this Court finds are part of the bankruptcy estate. Determining the nature and extent of property of the estate is a fundamental function of the bankruptcy court and fundamental to the administration of a bankruptcy case. *In re Kincaid,* 96 B.R. 1014, 1017 (9th Cir. BAP 1989). Therefore, the determinations that the Trustee is authorized under the Bankruptcy Code to litigate the Claims and that he is not judicially estopped from pursuing them are unequivocally core proceedings in this bankruptcy case.

The Ninth Circuit has held that, "Since an action to obtain property of the estate would necessarily involve a determination regarding 'the nature and extent of property of the estate,' the action would also be a matter 'concerning the administration of the estate,' and, therefore, a core proceeding. 28 U.S.C. §157(B)(2)(A)". *In re Kincaid*, 917 F.2d 1162, 1165 (9th Cir. 1990)(citing 28 U.S.C. § 157(b)(2)(A)). See also, *In re Ellwanger,* 140 B.R. 891, 903 (Bankr. W.D. Wa. 1992)("Even if the California Court had jurisdiction to decide a core bankruptcy proceeding, and even if it had determined a factual issue (rather than simply finding there was a factual issue for trial) the trustee was not a party to the action, and is not precluded from now asserting ownership of the malpractice claims.")

Even though the equitable doctrine of judicial estoppel has been adopted as a defense in the Ninth Circuit against a bankruptcy debtor, it is inapplicable here. In *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001), a bankruptcy debtor was "precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings." *Id.*, at 784. The Debtor in this case,

however, is not pursuing the Claims; the Trustee as the administrator of the bankruptcy estate—which holds title to the Claims—is pursuing them for the benefit of the estate's creditors. Were the Debtor be reaping the benefits of the Claims judicial estoppel would preclude her from "gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton*, at 782(citing *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600–601 (9th Cir.1996)).

In the instant case, however, the Debtor who allegedly asserted inconsistent positions gains no advantage. Rather, the Trustee who has been steadfast in his prosecution of the Claims since they were unearthed is seeking to benefit the bankruptcy estates creditors. In *Hamilton* the bankruptcy case was dismissed for "bad faith, lack of truthfulness under oath, and failure to cooperate" stripping the debtor of his discharge and revesting the estate in the debtor. *Id.*, at 781. Here, in contrast, the Claims are property of the estate being litigated by the Trustee, and therefore, the doctrine of judicial estoppel is not applicable. For all of these reasons, the Court grants the Trustee's Motion and overrules the Defendants' objections.

Accordingly, the Court finds that the Claims in the Oregon Case were not abandoned by the Trustee in his capacity as administrator of the estate and may be litigated or settled by him subject to this Court approval. The Court rules that the doctrines of equitable and judicial estoppel are inapplicable and do not bar the Trustee from pursuing the Claims in the Oregon Case. As to the merits of the of the Oregon Case the Court abstains pursuant to 28 U.S.C. § 1334(c)(1) in the interest of comity, as the Oregon Court is best equipped resolve issues of Oregon state probate law. The Court lifts the Stay for the limited purpose of permitting adjudication of the merits of the Oregon Case by the Oregon Court. The Court makes no findings or rulings as to the merits of the Oregon Case beyond the scope of this decision.

DATED AND SIGNED ABOVE.

To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

Nina M. Harper
9690 E. Stone Circle Lane
Gold Canyon, AZ 85118
Debtor

Christopher J Dutkiewicz
Law Office of Christopher Dutkiewicz, PC
3317 S. Highley Rd Suite 114-602
Gilbert AZ 85296
*Attorneys for Debtor*

Stanley J. Kartchner
7090 N. Oracle Rd #178-204
Tucson, AZ 85704
*Chapter 7 Trustee*

Adam Nach
Joel F. Newell
Lane & Nach, PC
2001 E. Campbell, Suite 103
Phoenix, AZ 85016
*Attorneys for Chapter 7 Trustee*

Russell Garrett
Douglas P. Cushing
Jodan Ramis PC
PO Box 230669
Portland, OR 97281

Jeff Hollen
Ouderkirk & Hollen
PO Box 1167
Newport OR 97365

Greg Hendrix
Hendrix Brinich & Bertalan LLP
716 NW Harriman Street
Bend, OR 99703

| | |
|---|---|
| 1 | Office of the U.S. Trustee |
| 2 | 230 North First Avenue |
| | Phoenix, AZ  85003 |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |